MORINGLANE & LLEDÓ, demandante y apelada, *v.* MUNICIPIO DE PONCE, representado por su Alcalde HON. EMILIO FAGOT y el Tesorero Municipal HON. BLAS OLIVERAS, demandado y apelante.

No. 5223.—*Sometido:* Mayo 1, 1931. *Resuelto:* Junio 18, 1931.

*Felipe Colón Díaz,* abogado del apelante; *R. V. Pérez Marchand,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En la apelación interpuesta contra la resolución recaída en un memorándum de costas y honorarios de abogado, el primer señalamiento de error promueve un abuso de discreción al conceder las costas. El municipio apelante no impugnó la sentencia o resolución una vez dictada, y no se apeló de ella. Ninguna de las partes parece tener conocimiento de que solamente en la apelación de una sentencia o resolución imponiendo las costas puede ser revisada la discreción en sí ejercida por la corte inferior. Entonces, la temeridad real, cualquiera que sea su grado, es enteramente *res adjudicata.*

En su segundo señalamiento el apelante trata de revisar la cuantía de las costas. El municipio sostiene que son excesivas. En su alegato el apelante no nos coloca en situación de ver que la corte cometió un abuso de discreción. Consideraciones generales describiendo las alegaciones y el número de horas empleadas en la corte son insuficientes. El esfuerzo relativamente grande por parte del letrado no es excluído. Las alegaciones son extensas y revelan una situación extraordinaria. Los hechos fueron que la parte demandante trató de hacer que el demandado aceptara una consignación de $2,000 mensuales que éste finalmente tuvo que aceptar a virtud de una orden de la corte. La opinión emitida comprende diez y siete páginas escritas a máquina y demuestra que fué necesario por parte del letrado de la apelada hacer algún trabajo.

Aunque la apelada no la sugiere, existe otra razón por la cual no podemos revisar adecuadamente la cuestión suscitada. El caso original fué juzgado mediante prueba y ésta no ha

sido incluída en los autos. A menos que de los autos sea absolutamente claro que la concesión es demasiado elevada, una parte que apela de un memorándum excesivo está obligada, en cuanto fuere posible, a colocarnos en la misma situación en que estaba la corte inferior. De ahí que para ayudar a los litigantes se adoptara la regla 40 c. No estamos en posición de decir que la concesión de $1,000 es excesiva.

Los autos no contenían un índice adecuado. Esto también tiende a la confirmación de la sentencia.

*Debe confirmarse la resolución apelada.*